U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 MAR 29 AM 10: 35

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA, )
            *Plaintiff*, )  Case No. 2:19-cv-48
            v. )
$15,000.00, MORE OR LESS, IN )
UNITED STATES CURRENCY )
            *Defendant in rem.* )

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America (the "United States"), by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States all right, title and interest in the above-named defendant *in rem*, to wit, $15,000.00, more or less, in United States currency (the "Defendant Currency"), which is forfeitable pursuant to: (a) 21 U.S.C. § 881(a)(6) because it constitutes moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange; and (b) 18 U.S.C. § 981(a)(1)(C) because it constitutes proceeds derived from "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

1

## THE DEFENDANT IN REM

2. The Defendant Currency consists of a sum of United States currency totaling $15,000.00, more or less, which members of the Drug Enforcement Administration ("DEA") seized from Jerry Edward Romero, Jr., on September 14, 2018, following the execution of a search warrant at Romero's residence located at 77 Bear Trap Road, Milton, Vermont. At the time of seizure, the Defendant Currency was located in a basement safe in Romero's residence and consisted of 3 bundles of cash, each of which was comprised of $5,000.00 in small bills, all of which was wrapped in a plastic bag.

3. Following the seizure, the DEA wired the Defendant Currency into the possession, custody, and control of the United States Marshals Service at Burlington, Vermont, within the District of Vermont, and the United States Marshals Service subsequently deposited the funds in a government account for safekeeping pending forfeiture.

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over this civil action *in rem* pursuant to 28 U.S.C. §§ 1345 and 1355(a) because this is a civil action commenced by the United States for the enforcement of a forfeiture incurred under an Act of Congress.

5. The Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Defendant Currency was seized in this district. In accordance with Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States requests that the Clerk of Court issue a warrant to arrest the Defendant Currency upon the filing of this complaint.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Defendant Currency was seized in this district.

2

## FACTUAL ALLEGATIONS

### *Discovery of the Defendant Currency and Evidence of Its Unlawful Nature*

7. On September 6, 2018, a member of the Milton Police Department ("MPD") obtained from the Vermont Superior Court a warrant authorizing law enforcement officers to search the residence of Jerry Romero and Kirk Little located at 77 Bear Trap Road, Milton, Vermont, for suspected heroin, crack cocaine, cocaine, currency, and other evidence of the unlawful drug activity.

8. On September 14, 2018, MPD and DEA agents executed the warrant at the residence of Romero and Little located at 77 Bear Trap Road, Milton, Vermont.

9. Upon entering the residence, MPD and DEA agents encountered Romero and two non-residents; Little was not present.

10. During a search of Romero's person, DEA agents located $910.00 in United States currency in his front left pants pocket.

11. During a search of Romero's residence, DEA agents located, among other things, the following evidence of unlawful drug activity:

   a. a clear zip-lock bag containing 480 bags of suspected heroin packaged in 48 bundles and a second clear zip-lock bag containing approximately 61 grams of suspected crack cocaine, both of which were hidden underneath a trash bag inside of the bathroom trashcan;

   b. approximately 33.5 grams of an unknown white substance contained in a cigarette wrapper, a small zip-lock bag containing approximately 34.7 grams of an unknown white powdery substance, and a plastic bag containing approximately 36.4 grams of orange/clear strips, all of which was located on the top shelf of a bedside unit in Romero's bedroom;

   c. $2,995.00 in United States currency, all of which was located in a drawer unit located in Romero's bedroom;

3

    d.    a clear zip-lock bag containing 40 bags of suspected heroin packaged in 4 bundles, numerous syringes, and numerous empty wax bags, all of which was located inside of a dresser drawer in Little's bedroom;

    e.    a clear zip-lock bag containing $15,000.00 in United States currency split into 3 bundles, each of which was comprised of $5,000 in small bills (the Defendant Currency), a Glock .38 caliber pistol, and numerous rounds of ammunition, all of which was located in the basement of the residence in a locked safe to which Romero had the combination;

    f.    10 suspected marijuana plants, which were being cultivated in pots in a space underneath the basement steps;

    g.    a number of other suspected marijuana plants, which had been cut and hung to dry in the bay area of the garage; and

    h.    miscellaneous other indicia of unlawful drug activity, including a notebook drug ledger and multiple cell phones.

12.    Following the search, Romero was taken into custody and charged with knowingly possessing, with intent to distribute, heroin and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B).

### *Administrative Forfeiture Proceedings*

13.    Based on the foregoing facts and other evidence of unlawful drug activity, the DEA seized the Defendant Currency, among other property, and commenced administrative proceedings to forfeit the same pursuant to 21 U.S.C. § 881.

14.    The DEA published notice of the forfeiture proceedings on an official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days, from November 12, 2018 to and through December 11, 2018, in accordance with 28 C.F.R. § 8.9(a).

15.    The DEA also provided personal written notice of the proceedings to all known interested parties in accordance with 18 U.S.C. § 983(a) and 28 C.F.R. § 8.9(b).

4

16. On November 26, 2018, the DEA received from Fred Combs an administrative claim in which Combs asserted an interest in the Defendant Currency.

17. To date, no other person has filed a claim with respect to the Defendant Currency and, pursuant to 18 U.S.C. § 983(a)(2), the time for filing such a claim has expired.

### *Miscellaneous Proceedings in the District Court*

18. Based on its receipt of Mr. Combs' claim, the United States was required to file a complaint for forfeiture against the Defendant Currency, to obtain an indictment alleging that the Defendant Currency is subject to forfeiture, or to return the Defendant Currency, by February 24, 2019, absent an order of the Court extending such period. 18 U.S.C. § 983(a)(3)(A).

19. By application dated January 29, 2019, the United States sought an order, pursuant to 18 U.S.C. § 983(a)(3)(A), extending the time in which the United States may file a complaint for forfeiture against the Defendant Currency, or obtain an indictment alleging that the Defendant Currency is subject to forfeiture, for thirty-five (35) days, commensurate with the duration of the recent shutdown of the federal government. *See In Re: Non-Judicial Civil Forfeiture Proceedings*, No. 19-mc-00009-gwc, ECF Doc. Nos.1-2.

20. By Order, dated January 30, 2019, the Court granted the United States' application and extended by thirty-five (35) days the time in which the United States may file a complaint for forfeiture against the Defendant Currency or obtain an indictment alleging that the Defendant Currency is subject to forfeiture. *In Re: Non-Judicial Civil Forfeiture Proceedings*, No. 19-mc-00009-gwc, ECF Doc. No. 3.

### FIRST CLAIM FOR RELIEF
### (Forfeiture Pursuant to 21 U.S.C. § 881(a)(6))

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22. Pursuant 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, shall be subject to forfeiture to the United States and no property rights shall exist in such moneys or proceeds.

23. Heroin is a Schedule I controlled substance under the Controlled Substances Act and cocaine is a Schedule II controlled substance thereunder.

24. Pursuant to 18 U.S.C. § 984(a)(2), in any forfeiture action *in rem* in which the subject property is cash, any identical property found in the same place as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture, so long as the action to forfeit such identical property is commenced within one year from the date of the offense that is the basis for the forfeiture.

25. The Defendant Currency constitutes, in whole or in part, moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

26. Accordingly, all right, title, and interest in the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 984(a)(2).

## SECOND CLAIM FOR RELIEF
(Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C))

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

28. Pursuant to 18 U.S.C. § 981(a)(1)(C), any personal property that constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7), is subject to forfeiture to the United States.

29. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes the offenses listed in 18 U.S.C. § 1961(1)(D), including the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

30. Heroin is a Schedule I controlled substance under the Controlled Substances Act and cocaine is a Schedule II controlled substance thereunder.

31. Pursuant to 18 U.S.C. § 984(a)(2), in any forfeiture action *in rem* in which the subject property is cash, any identical property found in the same place as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture, so long as the action to forfeit such identical property is commenced within one year from the date of the offense that is the basis for the forfeiture.

32. The Defendant Currency constitutes or is derived from, in whole or in part, proceeds traceable to an offense constituting "specified unlawful activity," as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

33. Accordingly, all right, title, and interest in the Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 984(a), 1956(c)(7), and 1961(1)(D).

## RELIEF REQUESTED

WHEREFORE, the United States respectfully requests that all right, title, and interest in the Defendant Currency be forfeited and condemned to the use and benefit of the United States, that the United States be awarded its costs and disbursements in this action, and that the United States be granted such other and further relief as the Court deems just and proper.

Dated at Burlington, in the District of Vermont, this 29th day of March, 2019.

Respectfully submitted,

CHRISTINA E. NOLAN
United States Attorney

By: /s/ Benjamin Weathers-Lowin

BENJAMIN WEATHERS-LOWIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Ben.Weathers-Lowin@usdoj.gov

*Attorney for the United States*

8

## VERIFICATION

I, Adam Chetwynd, a Special Agent with the Drug Enforcement Administration, hereby verify under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this 29th day of March, 2019.

_____
ADAM CHETWYND
Special Agent, DEA

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

2:19-cv-48-wks

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$15,000.00, more or less, in United States currency

RECEIVED
MAR 29 2019
U.S. DISTRICT COURT
BURLINGTON, VT

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Benjamin Weathers-Lowin, Assistant U.S. Attorney
11 Elmwood Ave., 3rd Floor, Burlington, VT 05401  (802) 951-6725

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. § 881(a)(6); 18 U.S.C. § 981(a)(1)(C)
Brief description of cause:
Forfeiture of in rem defendant as money derived from, or involved in, illegal drug-related activities

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ (Forfeiture)
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Hon. Geoffrey Crawford
DOCKET NUMBER  5:19-mc-00009-gwc

DATE  03/29/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____